## BIGLIERI et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1929.

No. 5829.

848

Joseph J. McShane and Paul B. Gibson, both of San Francisco, Cal., for appellants.

George J. Hatfield, U. S. Atty., and George N. Crocker, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The two appellants were convicted on all counts in an indictment charging six separate offenses defined by sections 3258, 3259, 3260, 3281, and 3282, Rev. St. U. S. (26 USCA §§ 281, 282, 284, 306, 307). On each count they were adjudged to pay a fine and to be imprisoned for a year; the prison sentences to run concurrently. The charges all relate to the setting up and operation of a still on or about June 13, 1928, on what is referred to as the De Martini farm, consisting of about 2,700 acres, in San Mateo county, Cal. The sufficiency of the indictment was and is not challenged.

■ That the two appellants and another brother were in possession of and were operating the De Martini farm is conceded, but at the trial they contended that they had leased to one Belfiore a small portion thereof, about five acres, for hog-raising purposes, and that the place where the officers found a large still was within that tract. The only assignment relating to the introduction of evidence is predicated upon the action of the court in sustaining the government's objection to the question asked of one of the defendants; "You leased this property at the time for the purpose of raising pigs, did you?" It appearing that, if lease there was it was in writing, the ruling was correct. And besides, later in the course of the trial, almost the precise question was asked and answered.

■ There are several assignments relating to instructions requested and refused and one to an instruction given. The latter had to do with general rules touching the weight of and the effect to be given to circumstantial evidence. In the course of the instruction, after defining what is meant by circumstantial evidence, the court said: "If upon a consideration of the whole case you are satisfied to a moral certainty and beyond a reasonable doubt of the guilt of the defendant, you should so find, irrespective of whether such certainty has been produced by direct evidence or by circumstantial evidence. The law makes no distinction between circumstantial and direct evidence in the degree of proof required for conviction, but only requires that the jury should be satisfied beyond a reasonable doubt by evidence of either the one character or the other, or both." And a little later: "I charge you that in order to convict this defendant, the facts proven must be consistent with the hypothesis of his guilt, and inconsistent with the hypothesis of his innocence." Clearly the instruction was correct, and, if appropriately it might have been amplified, it is thought to be sufficient as against an exception which went no further than to refer to the general subject without any specification at all of grounds or reasons.

■ We have carefully considered the eight refused requests and find that the subjects were either sufficiently covered by the instructions given, or that the request did not correctly state the law, or that it was immaterial. For an example of the first class, request No. 6 was: "If from the evidence in this case the jury finds that they may draw two equally reasonable conclusions, one of which points to the guilt of the defendants, and the other of which points to the innocence of the defendants, it is the duty of the jury to adopt that conclusion which is consistent with the innocence of the defendants." In substance we think the point was covered by the instruction above quoted. For an example of the second class, request No. 10 may be referred to, which was as follows: "The commission of a crime implies the presence of one or both of the defendants at the necessary time and place, and evidence of the ab-

sence of one or both of them is always admitted to establish a defense." The jurors would almost necessarily understand this to mean that, before the defendants could be convicted, it would be necessary to show that they were personally present at the still, which clearly is not the law. An example of the third class is No. 12, which was a request that the jury be advised, in substance, that it was not essential to its validity that a lease covering real property be recorded in the county in which the property is situated. True, that is the law, but under the evidence in the case the question was not material. It may be added that the request was not made until too late under the standing rules of the trial court.

■ The only other assignment is of the court's ruling that the evidence was sufficient to go to the jury, and we find it to be without merit. As already indicated the defendants conceded that they rented, lived upon, and operated the De Martini ranch. There was testimony tending to prove that at the time in question prohibition agents followed a truck load of sugar from San Francisco and saw it unloaded at one of the buildings on this ranch. Thereupon the agents made a search, and in one of the sheds on the premises they found 216 5-gallon empty alcohol cans, 18 5-gallon cans full of alcohol, and 1 200-gallon tank full of alcohol. There was about the place a strong odor of fermenting mash. They then discovered on the ranch, at a distance of about 250 feet from defendants' kitchen, a 300-gallon copper still and a 75-gallon copper still both in operation, also 6 2,500-gallon mash vats containing 1,500 gallons of mash, 1 500-gallon charging vat, 1 300-gallon galvanized iron tank full of alcohol, and various articles designed for use in the manufacture and distillation of alcohol. In short, they found a large distillery in actual operation within 100 yards of the defendants' kitchen, and there was a well-defined path between the kitchen and the distillery. There was also evidence tending to show that this path was the only means of ingress to and egress from the still. Upon this latter point there is some evidence to the contrary, but we are now discussing the question whether or not, in the most favorable view to the government, the evidence was sufficient to go to the jury. The electric power used in the operation of the still was supplied through a wire which was traced back through appellants' kitchen and bunkhouse to the single meter by which all the electric current used on the ranch was measured. The appellants paid all the electricity bills. Here again there was some testimony tending to show that they were not aware that electricity was used for operating the still and protested the size of the bills which they paid, but this testimony and these circumstances did not alter the legal aspect of the case. The issue was plainly for the jury.

The judgment is affirmed.